## BAUER v. EFURD.
### No. 4812.

Court of Appeal of Louisiana.
Second Circuit.
Nov. 2, 1934.

Fraser & Carroll, of Many, for appellant.

Edwin M. Fraser, of Many, for appellee.

DREW, Judge.

Plaintiff alleged that he was the owner of one Union Tool Ideal mud pump, 12x6¾x12, purchased from J. P. Scully by written contract dated August 2, 1933; that defendant is in actual possession of the pump without right or title and refuses to give up same to plaintiff. He alleged the value of the pump to be $300, and, after making the proper allegations, alleged a writ of sequestration was necessary. He prayed for a writ of sequestration to issue and, after hearing had, that he be decreed to be the owner of the pump and same ordered delivered to him.

Defendant in answer admitted possession of the pump, its value, and denied the other allegations of plaintiff's petition. He further alleged he was the true and lawful owner of the pump by purchase from J. P. Scully on May 1, 1933, for the sum of $280; he alleged he had been damaged because of the illegal issuance of the writ of sequestration in the sum of $100, which damage he itemized and prayed for in reconvention; and prayed that plaintiff's demands be rejected at his costs.

The lower court rendered judgment rejecting plaintiff's demands, at his cost, and was silent as to the reconventional demand.

Plaintiff has appealed. Defendant neither appealed nor answered the appeal; therefore, his reconventional demand for damages is not before us.

There is only one question to decide in the case, and that is: Who is the owner of the pump? It is purely and simply a question of fact. The testimony is conflicting and, unless we can say the finding of the lower court is clearly erroneous, we will not disturb its finding. The lower court was in a much better position to pass upon the credibility of the witnesses than we are and, after all is said and done, the disposition of the case rests entirely upon the credibility of the witnesses. We therefore cannot say the judgment is erroneous. A discussion of the conflicting testimony in the case could help no one. It therefore follows that the judgment of the lower court is affirmed, with costs.